UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA FEHL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

Case No. 1:16-cv-925

HON. ROBERT J. JONKER

**OPINION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.

**STANDARD OF REVIEW**

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v.*

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was forty-one years of age on the date of the ALJ's decision. (PageID.33, 99–100, 112–113.) She has a high school education, and was previously employed as a retail sales clerk and as a survey worker. (PageID.62, 69–70.) Plaintiff applied for benefits on September 18, 2013, alleging disability beginning July 14, 2012, due to psychophysiological insomnia, depression, hypertension, a learning disability, difficulty remembering tasks and directions, short and long term

2

memory loss due to a head injury, obesity, asthma, female stress incontinence, and a "cystocele midline." (PageID.99–100, 112–113, 189–190.) These applications were denied on February 24, 2014, and Plaintiff subsequently requested a hearing before an ALJ. (PageID.128–140.) On February 19, 2015, Plaintiff appeared with her counsel before ALJ James F. Prothro for an administrative hearing at which time both Plaintiff and a vocational expert (VE) testified. (PageID.55–97.) On June 5, 2015, the ALJ issued an unfavorable written decision that concluded Plaintiff was not disabled. (PageID.33–54.) On May 23, 2016, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.25–28.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a

---

[1]
1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c) 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.20(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Prothro determined Plaintiff's claim failed at step five. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (PageID.38.) At step two, the ALJ found that Plaintiff suffered from the severe impairments of obesity, fibromyalgia, borderline intellectual functioning [with a verbal IQ of 78, a performance IQ of 77, and a full scale IQ of 82], insomnia, depression, and an anxiety disorder, not otherwise specified. (PageID.39.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (PageID.39–42.) At step four, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) of the Regulations, and she is further limited to:
> - performing simple, routine tasks;
> - with occasional contact with the public;
> - and may not perform any fast paced work.

(PageID.42.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of her past relevant work. (PageID.46–47.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could

4

perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform work in the following representative jobs: assembler / production worker (6,000 regional positions) and machine operator / tender (10,000 regional positions). (PageID.89–95.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.48.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from July 14, 2012, the alleged disability onset date, through June 5, 2015, the date of decision. (PageID.48–49.)

**DISCUSSION**

A claimant's RFC represents the "most [a claimant] can still do despite [the claimant's] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* SSR 96–8P, 1996 WL 374184 at *1 (SSA, July 2, 1996) (stating that a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that she is entitled to relief on the ground that the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff argues the ALJ's RFC is deficient because the ALJ failed to properly evaluate the opinion of her treating psychologist, Dr. Bernice Patterson. The Court agrees.

By way of background, the treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating physician if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques"

5

and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527). The parties do not dispute that Dr. Patterson qualifies as a treating physician.

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers,* 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must provide "good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "'are not well-supported by any objective findings' and are 'inconsistent with other credible evidence'" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Gayheart*, 710 F.3d at 376. In doing so,

6

the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) the specialization of the treating source; and (6) other relevant factors. *Id.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g.*, *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 F. App'x 448, 450 (5th Cir. 2007).

Dr. Patterson's opinion is contained in a three-page worksheet entitled "Medical Provider's Assessment of Ability to Do Mental Work-Related Activities." (PageID.508–510.) On the completed worksheet, the doctor indicated she had first treated Plaintiff on May 20, 2014 and had last seen her on August 6, 2014. (PageID.510.) The doctor then opined that Plaintiff had several restrictions that exceeded the severity that was ultimately accounted for by the ALJ. Among other things, the doctor noted that Plaintiff had "marked" limitations in the ability to maintain attention / concentration. (PageID.508.) Plaintiff also had "marked" limitations in the ability to understand, remember, and carry out complex job instructions, and "moderate" restrictions in the ability to do so with detailed and simple job instructions. (PageID.509.) Furthermore, the doctor indicated that Plaintiff had "marked" limitations in maintaining concentration, persistence, and pace. As such, were she to work, the doctor expected Plaintiff would be off task for fifteen percent of the workday. (PageID.510.) The doctor stated that all these restrictions were present since at least July 14, 2012, Plaintiff's onset date. (PageID.508–510.) Finally, the doctor remarked that "the client has continued to report symptoms of depression, anxiety, and high stress. These symptoms are currently inhibiting her ability to complete 100% of the above named tasks." (PageID.510.) After summarizing

7

Dr. Patterson's opinion, the ALJ assigned it "partial weight," by explaining that:

> In assigning this opinion partial weight, the undersigned notes that this treating psychologist began to treat the claimant just more than two months before making the statement. The undersigned is not persuaded or convinced by the statement or any other evidence in the record that the claimant would reasonably be off-task for 15% of the workday or that "marked" deficiencies in concentration, persistence, or pace are present.

(PageID.46.) This analysis falls far short of providing "good reasons" for assigning the opinion less than controlling weight. Indeed, the majority of the statement is similar to the "ambiguous" language that concerned the *Gayheart* court. *Gayheart*, 710 F.3d at 376. Furthermore, while a treating relationship is a relevant consideration in weighing medical opinions, the ALJ does nothing more than note the length of treatment without providing any explanation. Indeed, the analysis performed by the Commissioner in her brief is precisely the type of analysis the ALJ should have undertaken in the first instance.

The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Sec'y of Health & Human Services*, 753 F.2d 517, 519 (6th Cir. 1985). Here, the Court cannot trace the path of the ALJ's reasoning. Accordingly, this matter must be reversed and remanded for re-evaluation of Dr. Patterson's opinion consistent with the treating physician rule.

Finally, the Court notes that Plaintiff has asked for an award of benefits. (PageID.895.) While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also Brooks*, 531 F. App'x at 644. This case is being remanded because the ALJ failed to satisfy the treating physician rule, not because there is compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **REVERSED** and the matter **REMANDED** for further factual findings including, but not necessarily limited to, further evaluation of Dr. Patterson's opinion, under the treating physician rule.

A separate judgment shall issue.

Dated: June 21, 2017 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE